1   **KEVIN T. SNIDER, STATE BAR #170988**
    *kevinsnider@pacificjustice.org*
2   **212 9th Street, Suite 208**
    **Oakland, CA 94607**
3   **tel. (510) 834-7232**
    **fax (510) 834-8784**
4

5   **MICHAEL J. PEFFER, STATE BAR #192265**
    *michaelpeffer@pacificjustice.org*
6   **PACIFIC JUSTICE INSTITUTE**
    **P.O. Box 11630**
7   **Santa Ana, CA 92711**
    **Tel.: (714) 796-7150**
8   **Fax: (714) 796-7182**

9
    Attorneys for Plaintiff
10

11                  UNITED STATES DISTRICT COURT

12           FOR THE SOUTHERN DISTRICT OF CALIFORNIA

13   KENNETH DOMINGUEZ, by and through his    | Case No:
14   Guardian Ad Litem, BLANCA RODRIGUEZ,     |     **'11 CV 0587 JM   JMA**

15      Plaintiff,

16      vs.

17   GROSSMONT UNION HIGH SCHOOL
18   DISTRICT; RALF SWENSON, in his official
     capacity as Superintendent of Grossmont    **COMPLAINT FOR INJUNCTIVE RELIEF,**
19   Union High School District;  RANDY REID,    **DECLARATORY JUDGMENT, NOMINAL**
     assistant principal of Grossmont Union High **DAMAGES, COMPENSATORY DAMAGES,**
20   School District, individually; EUGENE       **AND PUNITIVE DAMAGES**
     ANDREWS, teacher in Grossmont Union High
21   School District, individually; and DOES 1   **[42 U.S.C. 1983]**
22   THRU 10,

23      Defendants.

24

25

26

27                                              **[REQUEST FOR JURY TRIAL]**

28

COMES NOW the Plaintiff, KENNETH DOMINGUEZ, a minor, by and through his Guardian Ad Litem, BLANCA RODRIGUEZ, by and through the undersigned counsel, and respectfully requests this Court to issue a Declaratory Judgment, Injunctive Relief, and award nominal, compensatory, and punitive damages due to the Defendants' violation of Plaintiff's rights of free speech, free exercise of religion, privileges and immunities, equal protection, and due process under the laws as guaranteed by the First, Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution, as well as Article I, Sections 2 and 7 and Article IV, Section 16 of the California Constitution. In support thereof, Plaintiff shows unto the Court as follows:

## I. PARTIES

1.     Plaintiff, KENNETH DOMINGUEZ, a 16 year old student, is and was, at all times relevant herein, a citizen of the United States, resident of San Diego, California, and was, at all times relevant herein, enrolled in Gateway East High School, a public school located within San Diego County, California, and under the jurisdiction of Grossmont Union High School District [hereinafter GUHSD].

2.     BLANCA RODRIGUEZ is and was, at all times relevant herein, a parent and legal guardian of Plaintiff, and also a resident of San Diego, within San Diego County, California.

3.     Defendant, GUHSD is a public secondary school district established pursuant to Article IX of the California Constitution. The GUSD has a system of records and maintains records on students in the district, including disciplinary records.

4.     Defendant RALF SWENSON [hereinafter SWENSON] serves as the superintendent of GUHSD. Defendant SWENSON is the custodian of records for the GUHSD and is thus responsible for the legal custody and maintenance of documents for GUHSD, including pupil records. Defendant SWENSON is sued in his official capacity.

5.     Defendant RANDY REID [hereinafter REID] serves as an assistant principal at GUHSD. Defendant REID'S duties include the discipline of students. Defendant REID is sued in his

-2-

individual capacity.

6.     Defendant EUGENE ANDREWS [hereinafter ANDREWS] is a teacher employed by GUHSD.  In addition to providing instruction to pupils, ANDREWS' duties include the discipline of students.   ANDREWS is sued in his individual capacity.

7.     Defendants, at all times relevant herein, were acting within the course and scope of their employment as employees of the GUHSD and under color of state law.

8.     The identity of the DOE Defendants is currently unknown.   However, upon the identification of said person's Plaintiff will amend his Complaint accordingly.

## II.  JURISDICTION AND VENUE

9.     This action arises under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and is authorized pursuant to 42 U.S.C. § 1983.

10.     This Court has jurisdiction of this claim under, and by virtue of, 28 U.S.C. §§ 1331, 1343, 2201-02, and supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

11.     Venue is proper in this Court under 28 U.S.C. § 1391(b). Each and all of the acts alleged herein were done by Defendants within San Diego County, California.

12.     This Court is authorized to grant a Declaratory Judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, implemented through Rule 57 of the Federal Rules of Civil Procedure, and to issue the injunctive relief requested by Plaintiff under Rule 65 of the Federal Rules of Civil Procedure.

13.     This Court is authorized to grant Plaintiff's prayer for nominal, compensatory, punitive damages, and costs, including a reasonable attorney's fee, under 42 U.S.C. § 1988.

## III.  STATEMENT OF THE FACTS

14.     Plaintiff is a Christian with sincerely held religious beliefs that he should live and express his religious beliefs freely and openly in everyday life, including while at school and during appropriate school-related activities. His sincerely held religious beliefs include an obligation and duty

to share his faith with those with whom he associates, including fellow students. The concept of 'sharing his faith' included speaking to his fellow students about God, explaining their need for salvation, and demonstrating the truth of his faith as set forth in the Bible. Plaintiff also sincerely believes that his faith is inseparable from his very being, and that he is not at liberty to be a Christian only at certain times and ignore his faith at other times.

15.     Pursuant to his Christian faith, Plaintiff views the Bible as being the very word of God, the final arbiter of truth, and the document that contains the essential tenets of his faith. He, therefore, seeks opportunities during his free time to read the Bible and discuss it with others. Plaintiff considers Bible reading and discussion a vital component of his Christian faith.

16.     During the period in question, Plaintiff was enrolled as a student at GUHSD. During the events as described herein, he was a tenth grade student attending Gateway East High School which is a campus within the jurisdiction of GUHSD

17.     For virtually every school day during the calendar year at Gateway East, there is time set aside for recess, as well as other periods of free time, such as during the time before the starting bell in the mornings when school officially starts. These times of the day are non-instructional time at Gateway East High School and indeed at nearly every other school in the country.

18.     Additionally, at Gateway East students are often given "free reading" periods where they are allowed to read a book of their choice.

19.     When Plaintiff returned to school after winter break in January 2010, there were occasions when Plaintiff shared his faith with friends and fellow students. He did so before classes started in the morning, during lunch breaks, recesses, and during other non-instructional times. Moreover, when he was given free reading periods, Plaintiff's book of choice to read was generally the Bible.

20.     Almost immediately upon returning to school after winter break in January 2010, Defendant ANDREWS began to violate Plaintiff's constitutional rights. On one morning in early

-4-

February 2010, Plaintiff was in the school office waiting for class to start. One of Plaintiff's friends came into the office. The two students talked, and during their conversation, Plaintiff shared his faith with this fellow student. The two decided to pray together and did so in a non-disruptive manner. When they were finished Plaintiff's friend left the office. Thereafter, Defendant ANDREWS summoned Plaintiff to an inner office and told him that he could not talk about his faith at school because of the "separation of church and state."

21. Correctly believing that he had the right to talk to his friends about his Christian faith during non-instructional times throughout the school day, Plaintiff had a conversation with another fellow student about his faith while walking down the hall in school. This conversation occurred almost immediately upon leaving the office in which Defendant ANDREWS had incorrectly and inappropriately ordered Plaintiff to stop sharing his faith at school. Later that morning Defendant ANDREWS confronted Plaintiff again and directed him to stop communicating with other persons about his Christian faith while on the school campus. Defendant ANDREWS further ordered Plaintiff not to bring his Bible to school. It is Plaintiff's custom to carry that book on his person and to read it at his leisure.

22. Over the course of the next few days Defendant ANDREWS saw Plaintiff reading his Bible during a free reading period and rebuked Plaintiff, telling him that he had been told not to bring his Bible to school. Defendant ANDREWS then confiscated Plaintiff's Bible and told him that he could pick it up at the end of the day.

23. The following day, on February 18, 2010, Plaintiff was again talking with a friend about his Christian faith. This conversation took place during non-instructional time. Defendant ANDREWS approached them and told Plaintiff to come to the office with him. Plaintiff went with Defendant ANDREWS to the office. Defendant ANDREWS suspended plaintiff from school for two (2) days because he talked about his Christian faith with fellow students and carried his Bible while at school.

24. Plaintiff was given a form entitled "GROSSMONT UNION HIGH SCHOOL

-5-

DISTRICT CORRECTIVE ACTION REFERRAL FORM" [hereinafter Referral Form]. This Referral Form memorializes Plaintiff's suspension and the reasons for the suspension. A true and correct copy of said Referral Form is attached to this Complaint, is incorporated herein, and marked as "Exhibit "A." Plaintiff was suspended from school for two (2) days pursuant to California Education Code §48900. On the Referral Form, under the heading "REASON FOR REFERRAL," Defendant ANDREWS wrote, "Student was told to stop preaching at school, student continued after being warned several times." Astoundingly, under the section entitled "COMMENTS BY ADMINISTRATOR," Defendant ANDREWS further wrote, "Student will not bring Bible to school."

25. Defendant REID is named on the Referral Form as the supervising administrator. Plaintiff is informed and believes and thereon alleges that Defendant REID reviewed and approved of the suspension as per the reasons articulated on the Referral Form.

26. All of the alleged wrongful actions by Defendants ANDREWS and REID were done with malice, recklessness, and callous disregard for the rights of Plaintiff. Any reasonable official in Defendants ANDREWS and REID'S positions would have known that their actions were a blatant violation of Plaintiff's constitutional rights.

27. Defendant GUHSD recorded and memorialized the disciplinary action described above which was taken by Defendants ANDREWS and REID against Plaintiff. Defendant GUHSD keeps within its custody and control these written records all to Plaintiff's harm. The retention of these disciplinary records is of a continuing nature. Defendant SWENSON is the custodian of records for the School District and is charged with maintaining all papers, including the disciplinary actions taken against Plaintiff. The memorialization of the discipline by school officials as against Plaintiff, mar's his records and will follow him absent relief from this Court. Through his attorney Plaintiff requested that GUHSD remove the harmful records, but to no avail.

28. The actions by Defendant ANDREWS in repeatedly harassing Plaintiff and violating Plaintiff's constitutional rights and the actions by Defendants ANDREWS and REID in

unconstitutionally and unlawfully suspending Plaintiff and ordering him not to talk about his Christian faith or bring his Bible onto the school campus caused him great harm and distress. This distress included, but was not limited to, anguish that by doing what his faith compels him to do Plaintiff would be singled for ridicule and discipline and that he would be forced in the untenable position of having to choose his goals for education and his sincerely held religious beliefs.

29.     Plaintiff served his two day suspension and returned to Gateway East.  Plaintiff and his mother, BLANCA RODRIGUEZ, were concerned and afraid that Defendants ANDREWS and REID would continue to harass Plaintiff and violate his constitutional rights, would continue to cause him harm and distress throughout the rest of the school year, and would detrimentally affect his high school record and future educational prospects.  Thus, they felt the only way to protect Plaintiff was to transfer him to an adjoining school district.  This constructive expulsion caused Plaintiff great injury, harm, and distress.

30.     By restricting Plaintiff from communicating his views about his Christian faith with other pupils, seizing his Bible, limiting his reading material to non-Biblical or non-religious books, threatening him with punitive disciplinary measures, carrying out the threat by suspending him from school, and causing Plaintiff's constructive expulsion, Defendants ANDREWS and REID denied Plaintiff his constitutionally protected rights to freedom of speech, freedom of religion, due process, equal protection, and denied Plaintiff the enjoyment of rights secured by the privileges and immunities clause. Further, by maintaining a record of the wrongful disciplinary action taken by Defendants ANDREWS and REID against Plaintiff, Plaintiff's rights are continually being violated by all of the Defendants in this action.

/ / /

///

///

## IV.  FEDERAL CLAIMS FOR DAMAGES

-7-

**COUNT I - VIOLATION OF FREE SPEECH RIGHTS UNDER THE**
**UNITED STATES CONSTITUTION -- Request for Damages (42 U.S.C. §1983)**
**Defendants ANDREWS and REID in their individual capacities.**

31.     Plaintiff hereby reiterates and adopts each and every allegation in the preceding paragraphs numbered 1 - 30.

32.     The election to practice his sincerely held religious beliefs in the manner which Plaintiff desired: bringing his Bible to school; reading it during free time or free reading periods; and sharing his faith with his fellow students during non-instructional time is inherently expressive activity protected by the free speech clause of the First Amendment to the United States Constitution. By engaging in such speech, Plaintiff intended to communicate that he is attempting to live out his faith in Jesus Christ, that he believes that the Bible holds the answer to many, if not all, of society's ills, and that people in his age group need to hear this message from a peer.

33.     Plaintiff has a speech right to carry the Bible on his person and read it during non-instructional times throughout the school day. The commands by Defendant ANDREWS to Plaintiff to cease and desist reading his Bible or face state sanctioned punishment, the confiscation of Plaintiff's Bible, Plaintiff's subsequent suspension, and the memorializing of the disciplinary suspension in government files and archives are all censorship and are inconsistent with the rights guaranteed to Plaintiff as a citizen of the United States.

34.     Defendant REID ratified the acts of Defendant ANDREWS as against Plaintiff via his administrative participation and approval of the directives given to Plaintiff not to engage in talk about his faith and the confiscation of Plaintiff's Bible, as well as the suspension of Plaintiff from school as per California Education Code §48900.

35.     Plaintiff's possession and the reading of his Bible and the sharing of his faith is private speech entitled to protection under the First Amendment to the U.S. Constitution.

36.     Defendants ANDREWS and REID'S actions denied Plaintiff his right to free speech

based upon the content of Plaintiff's speech as well as the viewpoint of the book (i.e., Bible) that Plaintiff chose to carry on his person and read.

37.     The actions of Defendants ANDREWS and REID were done under color of state law.

38.     Defendants ANDREWS and REID'S **a**ctions constitute unconstitutional infringements upon Plaintiff's affirmative right to freedom of speech guaranteed under the First Amendment to the United States Constitution and had a chilling effect on Plaintiff's expressive speech.

39.     Defendants ANDREWS and REID'S actions were not supported by a narrowly tailored compelling state interest, using the least restrictive means to achieve said interest. The rights of a citizen, including a pupil in a public secondary school, to carry on his person the Bible, to read it during non-instructional times, and to speak to fellow students about religious matters, without state censorship or punishment have been clearly established.  At the time Defendants ANDREWS and REID engaged in their wrongful acts against Plaintiff, the unconstitutionality of those acts was clearly established.  Indeed, a reasonable person would have been aware that they were violating Plaintiff's constitutional rights if they engaged in the conduct engaged in by Defendants ANDREWS and REID. As such, there is no qualified immunity available to Defendants ANDREWS or REID.

40.     Plaintiff seeks nominal, compensatory, and punitive damages against Defendants ANDREWS and REID in an amount according to proof.

**COUNT II - VIOLATION OF FREE EXERCISE OF RELIGION UNDER THE UNITED STATES CONSTITUTION – Request for Damages (42 U.S.C. 1983) Defendants ANDREWS and REID in their individual capacities.**

41.     Plaintiff hereby reiterates and adopts each and every allegation in the preceding paragraphs number 1 - 40.

42.     Defendants ANDREWS and REID'S actions constitute infringements upon Plaintiff's affirmative right to free exercise of religion as guaranteed by the First Amendment to the United States Constitution.

43.     In the events described herein, the topic that Plaintiff discussed with his classmates was

-9-

religious in nature. Defendants ANDREWS and REID threatened, coerced, and ultimately used the authority of their positions as employees of the state to punish Plaintiff because of the content of his speech, alleging that his religious speech violated the separation of church and state.

44. Under the religion clause of the First Amendment, Plaintiff chose to keep the Bible on his person and read it during non-instructional school time. In doing so, Plaintiff was not only exercising his right to freedom of speech but also his right to freedom of religion. Defendants ANDREWS and REID threatened, coerced, and ultimately used the authority of their positions as employees of the state to punish Plaintiff because of the content of a book, the Bible, the Plaintiff chose to read.

45. Defendants' actions treated secular and religious expression differently, thereby substantially burdening Plaintiff's religious exercise.

46. The rights of a citizen, including a pupil in a public secondary school, to exercise his religious freedom by carrying a Bible on a school campus, reading it during non-instructional time, and speaking to fellow students about religious matters, all without state censorship or punishment have been clearly established. Indeed, a reasonable person would have been aware that they were violating Plaintiff's constitutional rights if they engaged in the conduct engaged in by Defendants ANDREWS and REID. As such, there is no qualified immunity available to Defendants ANDREWS or REID.

47. The actions of Defendants ANDREWS and REID were done under color of state law. Plaintiff seeks nominal, compensatory, and punitive damages in an amount according to proof against Defendants ANDREWS and REID.

/ / /

/ / /

/ / /

/ / /

**COUNT III – VIOLATION OF FREEDOM FROM UNREASONABLE SEARCH AND**

Complaint

**SEIZURE UNDER THE UNITED STATES CONSTITUTION**
**Request for Damages (42 U.S.C. § 1983)**
**Defendants ANDREWS and REID in their individual capacities**

48.     Plaintiff hereby incorporates and adopts each and every allegation in the preceding paragraphs numbered 1 - 47.

49.     Defendant ANDREWS confiscated Plaintiff's Bible.  Defendant REID participated in the confiscation by affirming Defendant ANDREWS taking of the Bible and disciplining Plaintiff, in part, because he had his Bible on the school campus.  Plaintiff's Bible was taken from him solely because of its religious nature.  One of the privileges and immunities of citizenship in the United States that Plaintiff enjoys is to be able to carry on his person a book of his choice and read it at his leisure.

50.     The confiscation of Plaintiff's Bible by Defendants violated Plaintiff's constitutional right to be free from unreasonable searches and seizures pursuant to the Fourth Amendment of the U.S. Constitution.

51.     The right of a citizen, including a pupil in a public secondary school, to carry The Bible on his person is a right that is clearly established. Indeed, a reasonable person would have been aware that they were violating Plaintiff's constitutional rights if they engaged in the conduct engaged in by Defendants ANDREWS and REID.  As such, there is no qualified immunity available to Defendants ANDREWS or REID.

52.     The actions of Defendants ANDREWS and REID were done under color of state law. Plaintiff seeks nominal, compensatory, and punitive damages in an amount according to proof against Defendants ANDREWS and REID.

/ / /

/ / /

/ / /

**COUNT IV – VIOLATION OF THE UNITED STATES CONSTITUTION,**

-11-

**AMENDMENTS I AND XIV (Privileges and Immunities) – Request for Damages (42 U.S.C. § 1983)**
**Defendants ANDREWS and REID in their individual capacities.**

53.     Plaintiff hereby incorporates and adopts each and every allegation in the preceding paragraphs numbered 1 - 52.

54.     The First Amendment right to be free from government interference with a citizen's free exercise of religion and free speech, as well as the right to be free of unreasonable searches and seizures are privileges and immunities of United States citizenship which, pursuant to the Fourteenth Amendment, is made applicable to the states and their political subdivisions.

55.     By banning the Plaintiff from bringing his Bible to school or sharing his faith during non-instructional time, Defendants ANDREWS and REID violated the Privileges and Immunities Clause of the First and Fourteenth Amendments of the United States Constitution.

56.     The actions of Defendants ANDREWS and REID were done under color of state law. Plaintiff seeks nominal, compensatory, and punitive damages in an amount according to proof against Defendants ANDREWS and REID.

## V.  FEDERAL CLAIMS FOR EQUITABLE RELIEF

**COUNT V - VIOLATION OF FREE SPEECH RIGHTS UNDER THE UNITED STATES CONSTITUTION -- Request for Injunctive and Declaratory Relief (42 U.S.C. §1983)**
**All Defendants.**

57.     Plaintiff hereby reiterates and adopts each and every allegation in the preceding paragraphs numbered 1 - 56.

58.     Defendant GUHSD keeps papers in its files and archives of student discipline and suspensions under the authority of Title 5, section 430, et seq. of the California Code of Regulations ("C.C.R."). Pursuant to 5 C.C.R. 431, Superintendent SWENSON is the designated custodian of records.

59.     Defendants ANDREWS and REID recorded and Defendant GUHSD memorialized and

keeps the records of the unconstitutional disciplinary action described herein taken against Plaintiff within its custody and control, all to Plaintiff's continuing harm. The retention of the disciplinary records, or any papers or record memorializing the unconstitutional discipline, is of a continuing nature and harm to Plaintiff.

60. Therefore, Plaintiff seeks equitable relief as follows: (1) a declaration that the acts of Defendants ANDREWS and REID violated Plaintiff's First Amendment right to freedom of speech, and (2) an order directing the removal of all records from GUHSD files, in whatever form, be they electronic or otherwise, relative to the disciplinary actions taken against Plaintiff.

### COUNT VI - VIOLATION OF FREE EXERCISE OF RELIGION UNDER THE UNITED STATES CONSTITUTION -- Request for Injunctive and Declaratory Relief (42 U.S.C. §1983) All Defendants.

61. Plaintiff hereby reiterates and adopts each and every allegation in the preceding paragraphs numbered 1 - 60.

62. Defendant GUHSD keeps papers in its files and archives of student discipline and suspensions under the authority of Title 5, section 430, et seq. of the California Code of Regulations ("C.C.R."). Pursuant to 5 C.C.R. 431, Superintendent SWENSON is the designated custodian of records.

63. Defendants ANDREWS and REID recorded and Defendant GUHSD memorialized and keeps the records of the unconstitutional disciplinary action described herein taken against Plaintiff within its custody and control, all to Plaintiff's continuing harm. The retention of the disciplinary records, or any papers or record memorializing the discipline, is of a continuing nature and harm to Plaintiff.

64. Plaintiff seeks equitable relief as follows: (1) a declaration that the acts of Defendants ANDREWS and REID violated Plaintiff's First Amendment right to free exercise of religion, and (2)

-13-

an order directing the removal of all records from GUHSD files, in whatever form, be they electronic or otherwise, relative to the unconstitutional disciplinary actions taken against Plaintiff.

### COUNT VII - VIOLATION OF EQUAL PROTECTION RIGHTS UNDER THE UNITED STATES CONSTITUTION -- Request for Injunctive and Declaratory Relief (42 U.S.C. 1983) All Defendants.

65. Plaintiff hereby reiterates and adopts each and every allegation in the preceding paragraphs numbered 1 - 64.

66. Plaintiff's right to equal protection under the laws is guaranteed by the Equal Protection Clause of the Fifth Amendment and made applicable to the states under the Fourteenth Amendment to the United States Constitution.

67. Defendants' ANDREWS and REID's actions constituted unconstitutional infringements upon Plaintiff's affirmative right to equal protection of the laws since they were specifically targeted against students who would elect to exercise their Christian faith at school and stated a preference for those students who kept silent about their faith.

68. By banning Plaintiff from bringing his Bible to school, telling him not to share his faith at school, and by disciplining him for doing so, Defendants' ANDREWS and REID's actions discriminated between religious and non-religious communication and classified students' free time activities on the basis of religion.

69. Defendants' ANDREWS and REID's actions constituted an unconstitutional infringement upon Plaintiff's right to equal protection of the law because Defendants treated Plaintiff differently from other similarly-situated individuals on the basis of Plaintiff's religious viewpoint, Plaintiff's religious expression, and the religious content of his speech.

70. The retention of the disciplinary records embodying the unconstitutional actions taken against Plaintiff by Defendant GUHSD, of which, Defendant SWENSON is the custodian of records, violates Plaintiff's right to equal protection. The retention of these records has caused, and will

continue to cause, Plaintiff to suffer undue and actual hardship and irreparable injury.

71.    The actions of Defendants are being done under color of state law.

72.    Plaintiff has no adequate remedy at law to correct the continuing deprivation of Plaintiff's most cherished constitutional liberties.

73.    Plaintiff seeks equitable relief as follows: (1) a declaration that the acts of Defendants ANDREWS and REID violated Plaintiff's rights to equal protection guaranteed by the Fifth and Fourteenth Amendments, and (2) an order directing the removal of all records from GUHSD files, in whatever form, be they electronic or otherwise, relative to the unconstitutional disciplinary actions taken against Plaintiff.

**COUNT VIII - VIOLATION OF FREEDOM AGAINST UNREASONABLE SEARCHES AND SEIZURE UNDER THE UNITED STATES CONSTITUTION**
**Request for Injunctive and Declaratory Relief**
**(42 U.S.C. 1983)**
**All Defendants.**

74.    Plaintiff hereby reiterates and adopts each and every allegation in the preceding paragraphs numbered 1 - 73.

75.    Defendant ANDREWS confiscated Plaintiff's Bible. Defendant REID participated in the confiscation by affirming Defendant ANDREWS taking of the Bible and disciplining Plaintiff, in part, because he had his Bible on the school campus. One of the privileges and immunities of citizenship in the United States that Plaintiff enjoys is the right to carry his Bible while at school. Defendant ANDREWS confiscated Plaintiff's Bible and told him not to have it at school because of its religious nature.

76.    The confiscation infringed upon a core constitutional right of Plaintiff, thus it was an unreasonable search and seizure under Amendment IV of the U.S. Constitution. Said confiscation was done under color of state law and was a part of the unconstitutional discipline of Plaintiff.

77.    Defendant GUHSD keeps papers in its files and archives of student discipline and

suspensions under the authority of Title 5, section 430, et seq. of the California Code of Regulations ("C.C.R."). Pursuant to 5 C.C.R. 431, Superintendent SWENSON is the designated custodian of records.

78. GUHSD recorded and memorialized the discipline against Plaintiff and keeps within its custody written records of the suspension described herein all to Plaintiff's harm. The retention of the disciplinary records or any document or recording memorializing the discipline is of a continuing nature, and thus a continuing harm to Plaintiff.

79. Plaintiff has no adequate remedy at law to correct the continuing deprivation of Plaintiff's most cherished constitutional liberties.

80. Plaintiff seeks equitable relief as follows: (1) a declaration that the acts of Defendants ANDREWS and REID violated Plaintiff's right under the Fourth and Fourteenth Amendments to be free from unreasonable searches and seizures, and (2) an order directing the removal of all records from GUHSD files, in whatever form, be they electronic or otherwise, relative to the unconstitutional disciplinary actions taken against Plaintiff.

**COUNT IX - VIOLATION OF PRIVILEGES AND IMMUNITIES UNDER THE UNITED STATES CONSTITUTION -- Request for Injunctive and Declaratory Relief**
**(42 U.S.C. 1983)**
**All Defendants.**

81. Plaintiff hereby reiterates and adopts each and every allegation in the preceding paragraphs numbered 1 - 80.

82. Plaintiff's privileges and immunities of citizenship under the First and Fourteenth Amendments were abridged by Defendants. This abridgement is of a continuing nature as a result of Defendants embodiment of unconstitutional disciplinary action taken against Plaintiff in official records and the continued retention of these records. Plaintiff has suffered and continues to suffer undue and actual hardship and irreparable injury as a result of Defendants' actions.

83. The actions of Defendants are being done under color of state law.

-16-

84.    Plaintiff has no adequate remedy at law to correct the continuing deprivation of Plaintiff's most cherished constitutional liberties.

85.    Plaintiff seeks equitable relief as follows:  (1) a declaration that the acts of Defendants ANDREWS and REID against Plaintiff violated his Privileges and Immunities as guaranteed by the First and Fourteenth Amendments, and (2) an order directing the removal from all GUHSD files of all records, in whatever form, be they electronic or otherwise, relative to the unconstitutional disciplinary actions taken against Plaintiff.

## VI. STATE CLAIMS FOR DAMAGES

### COUNT X – BANE ACT – Request for Damages (CA Civil Code § 52.1)
### Defendant ANDREWS

86.    Plaintiff hereby incorporates and adopts each and every allegation in the preceding paragraphs numbered 1 - 85.

87.    Defendant ANDREWS unlawfully seized Plaintiff's Bible, and prevented him from exercising his constitutionally protected rights to free speech and free exercise of religion both at Gateway East and during the two days for which Plaintiff was suspended from school.

88.    The acts of Defendant ANDREWS as described herein were done under color of state law and were calculated to intimidate and coerce Plaintiff to refrain from exercising his rights under the state and federal constitutions.

89.    Plaintiff therefore seeks damages as per the Bane Act and according to proof.

## VII. STATE CLAIMS FOR EQUITABLE RELIEF

### COUNT XI - VIOLATION OF LIBERTY OF SPEECH RIGHTS UNDER ARTICLE I, § 2(a) OF THE CALIFORNIA CONSTITUTION Request for Injunctive and Declaratory Relief All Defendants.

90.    Plaintiff hereby reiterates and adopts each and every allegation in the preceding paragraphs numbered 1 - 89.

91.     Article I, Section 2(a) of the Constitution of the State of California states: "Every person may freely speak, write and publish his or her sentiments on all subjects, being responsible for the abuse of this right. A law may not restrain or abridge liberty of speech or press."  This provision of the California Constitution provides greater protection to liberty of speech than does the First Amendment to the United States Constitution.

92.     Defendants ANDREWS and REID violated Plaintiff's right to free speech as protected by the California Constitution when they ordered him not to speak about his Christian faith while at school, confiscated his Bible, and suspended him from school for doing so.

93.     Plaintiff therefore seeks equitable relief as follows:  (1) a declaration that the acts of Defendants ANDREWS and REID violated Plaintiff's right to free speech guaranteed by Article I, Section 2 of the Constitution of the State of California; and (2) an order directing the removal from all GUHSD files of all records, in whatever form, be they electronic or otherwise, relative to the unconstitutional disciplinary actions taken against Plaintiff.

**COUNT XII - VIOLATION OF EQUAL PROTECTION RIGHTS UNDER ARTICLE I, § 7(a), (b) & ARTICLE IV § 16 (a) OF THE CALIFORNIA CONSTITUTION**
**Request for Injunctive and Declaratory Relief**
**All Defendants.**

94.     Plaintiff hereby reiterates and adopts each and every allegation in the preceding paragraphs numbered 1 - 93.

95.     Article I, Section 7(a) of the Constitution of the State of California states: "A person may not be deprived of life, liberty, or property without due process of law or denied equal protection of the laws."

96.     Article I, Section 7(b) of the Constitution of the State of California states: "A citizen or class of citizens may not be granted privileges or immunities not granted on the same terms to all citizens."

97.     Article IV, Section 16(a) of the Constitution of the State of California states: "All laws

-18-

of a general nature have uniform operation."

98.     Article I, Section 7 and Article IV, Section 16 of the California Constitution provide greater protection than the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

99.     As described above, Plaintiff was harassed, singled out for discipline, and ultimately suspended from school for exercising rights protected by the California Constitution.

100.     The actions of Defendants ANDREWS and REID were done under color of state law.

101.     Plaintiff therefore seeks equitable relief as follows:  (1) a declaration that Plaintiff's right to equal protection as guaranteed by Article I, Section 7 and Article IV, Section 16 of the California Constitution was violated by Defendants ANDREWS and REID; and (2) an order directing the removal from all GUHSD files of all records, in whatever form, be they electronic or otherwise, relative to the unconstitutional disciplinary actions taken against Plaintiff.

**COUNT XIII – VIOLATION OF CALIFORNIA EDUCATION CODE SECTION 48907**
**All Defendants**

102.     Plaintiff hereby incorporates and adopts each and every allegation in the preceding paragraphs numbered 1 - 101.

103.     California Education Code §48907 provides:

> Pupils of the public schools shall have the right to exercise freedom of speech and of the press including, but not limited to, the use of bulletin boards, the distribution of printed materials or petitions, the wearing of buttons, badges, and other insignia, and the right of expression in official publications, whether or not the publications or other means of expression are supported financially by the school or by use of school facilities, except that expression shall be prohibited which is obscene, libelous, or slanderous. Also prohibited shall be material that so incites pupils as to create a clear and present danger of the commission of unlawful acts on school premises or the violation of lawful school regulations, or the substantial disruption of the orderly operation of the school.

104.     By threatening, intimidating, harassing, coercing, punishing, and maintaining a record of discipline against Plaintiff, Defendants ANSDREWS, REID, and SWENSON have conducted

themselves, and continue to conduct themselves in a manner that is inconsistent with section 48907 of the California Education Code.

105. By meting punishment against Plaintiff in direct violation of Education Code §48907 Defendants have caused Plaintiff to suffer undue and actual hardship and irreparable injury. GUHSD's continued retention of the records relevant to Plaintiff's suspension continues to cause Plaintiff to suffer undue and actual hardship and irreparable injury.

106. Plaintiff therefore seeks equitable relief as follows: (1) a declaration that the acts of Defendant ANDREWS and REID were in violation of California Education Code § 48907; and (2) an order directing the removal from all GUHSD files of all records, in whatever form, be they electronic or otherwise, relevant to the unconstitutional disciplinary actions taken against Plaintiff.

## VIII. PRAYER FOR RELIEF

1. A declaration that the actions of Defendant ANDREWS and REID violated the First, Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution, The Bane Act, Article I, Section 2 and 7 and Article IV, Section 16 of the California Constitution, and California Education Code §489700.

2. For a preliminary and permanent injunction ordering the removal from all GUHSD files of all records, in whatever form, be they electronic or otherwise, relevant to the unconstitutional disciplinary actions taken against Plaintiff.

3. Compensatory damages according to proof.

4. Punitive damages according to proof.

5. Nominal damages according to proof.

6. Attorneys fees under 42 U.S.C. 1988, and the California Code of Civil Procedure § 1021.5.

7. All relief of whatever kind available under FRCP 56.

8. For costs of suit.

DATED: March 24, 2011         PACIFIC JUSTICE INSTITUTE

By: /SMichael J. Peffer
        KEVIN SNIDER, ESQ.
        MICHAEL J. PEFFER, ESQ.
Attorneys for Plaintiff
Kenneth Dominguez, by and through his Guardian
Ad Litem, BLANCA RODRIGUEZ

## REQUEST FOR A JURY TRIAL

Plaintiff hereby respectfully requests a jury trial.

DATED: March 24, 2011         PACIFIC JUSTICE INSTITUTE

By: /SMichael J. Peffer
        KEVIN SNIDER, ESQ.
        MICHAEL J. PEFFER, ESQ.
Attorneys for Plaintiff
Kenneth Dominguez, by and through his Guardian
Ad Litem, BLANCA RODRIGUEZ

Complaint